GEORGE L. FORESTER v. ANSON G. BETTS, TRADING AS ANSON G. BETTS
AND COMPANY.

(Filed 19 May, 1920.)

**Attorney and Client—Principal and Agent—Contracts—Quantum Valebat.**

> In the absence of agreement upon a certain sum, an attorney may
> recover the reasonable value for the services he has rendered his client;
> and where there is evidence that it is in a certain amount, the trial judge
> may not properly instruct the jury that it is excessive, or be required to
> set aside the verdict therein as a matter of law.

CIVIL ACTION, tried before *Finley, J.,* and a jury, at December Term,
1919, of BUNCOMBE.

The action is to recover the value of services rendered by plaintiff
as agent and attorney of defendant in collecting from several railroad
companies for overcharges of freight on shipments of lumber to the
amount of $570, plaintiff claiming and testifying that his services were
reasonably worth $285, being 50 per cent on the amount collected.

There was denial of liability on part of defendant, and verdict for
plaintiff for amount as claimed. Judgment, and defendant excepted
and appealed, assigning for error that the court should have ruled that
the amount claimed was an excessive charge, and as a matter of law
could not be enforced, and that the judge should have so instructed
the jury.

*F. W. Thomas for plaintiff.*
*Stevens & Anderson for defendant.*

PER CURIAM. Plaintiff, the only witness examined, testifying in his
own behalf, stated in effect that he was an expert in tariff and freight
charges by railroads, having had an experience of 25 years in this kind
of work. That as an employee of defendant he undertook the collection
of various claims by his agent from several railroad companies for over-
charges of freight, and collected for him, by reason of various shipments,
the amount of $575.79. That he was engaged in the work for from
12 to 18 months. That as the result of defendant's work, some of the
claims were paid directly to defendant, but in several instances he had
to appear before the Interstate Commerce Commission in order to
enforce collection. He testified further, without objection, so far as the
record discloses, that his services on these claims were worth the amount
claimed. Witness also stated that there were additional claims col-
lected amounting to $1,500 which were not sued for in this action.

The value of services of the kind presented are so dependent on the
varying facts of different cases that no definite rule can well be referred

to as controlling. Speaking generally, an agent or attorney in the absence of a special contract is entitled to recover the amount that is reasonable and customary for work of like kind, performed under like conditions and circumstances, and under such a ruling the question of amount is left almost entirely to the decision of the jury.

Speaking to the subject in Weeks on Attorneys, p. 576, the author says: "In the absence of a contract between attorney and client fixing the value of the services of the former at the price to be paid therefor, the attorney has the right to reasonable compensation; but the jury are the proper judges of the value of such services, and in considering the reasonableness of such compensation they may take into consideration all the circumstances of the case, and are not bound by the opinion of witnesses summoned as experts, but such opinion should be considered in connection with the other evidence in the case. And the jury having given their verdict, the appellate court will not interfere with it unless the judge in the court below has misled the jury by some misdirection."

On the record the question is solely as to the value of the services rendered, and under the principles stated, the jury having determined upon the amount, there is nothing in the record that will justify the Court in disturbing the conclusion they have reached.

There is no error, and the judgment on the verdict is affirmed.

No error.